LEICHTMAN, Appellant,

v.

WLW JACOR COMMUNICATIONS, INC. et al., Appellees.

[Cite as *Leichtman v. WLW Jacor Communications, Inc.* (1994), 92 Ohio App.3d 232.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920922.

Decided Jan. 26, 1994.

*Kircher, Robinson, Cook, Newman & Welch* and *Robert B. Newman,* for appellant.

*Strauss & Troy* and *William K. Flynn,* for appellees WLW Jacor Communications, Inc. and William Cunningham.

*Waite, Schneider, Bayless & Chesley, Stanley M. Chesley* and *Paul M. DeMarco,* for appellee Andy Furman.

*Per Curiam.*

The plaintiff-appellant, Ahron Leichtman, appeals from the trial court's order dismissing his complaint against the defendants-appellees, WLW Jacor Communications ("WLW"), William Cunningham and Andy Furman, for battery, invasion of privacy, and a violation of Cincinnati Bd. of Health Reg. No. 00083. In his single assignment of error, Leichtman contends that his complaint was sufficient to state a claim upon which relief could be granted and, therefore, the trial court was in error when it granted the defendants' Civ.R. 12(B)(6) motion. We agree in part.

In his complaint, Leichtman claims to be "a nationally known" antismoking advocate. Leichtman alleges that, on the date of the Great American Smokeout, he was invited to appear on the WLW Bill Cunningham radio talk show to discuss the harmful effects of smoking and breathing secondary smoke. He also alleges that, while he was in the studio, Furman, another WLW talk-show host, lit a cigar and repeatedly blew smoke in Leichtman's face "for the purpose of causing physical discomfort, humiliation and distress."

Under the rules of notice pleading, Civ.R. 8(A)(1) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." When construing a complaint for failure to state a claim, under Civ.R. 12(B)(6), the court assumes that the factual allegations on the face of the complaint are true. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. For the court to grant a motion to dismiss, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Id.* A court cannot dismiss a complaint under Civ.R. 12(B)(6) merely because it doubts the plaintiff will prevail. *Slife v. Kundtz Properties, Inc.* (1974), 40 Ohio App.2d 179, 69 O.O.2d 178, 318 N.E.2d 557. Because it is so easy for the pleader to satisfy the standard of Civ.R. 8(A), few complaints are subject to dismissal. *Id.* at 182, 69 O.O.2d at 180, 318 N.E.2d at 560.

Leichtman contends that Furman's intentional act constituted a battery. The Restatement of the Law 2d, Torts (1965), states:

"An actor is subject to liability to another for battery if

"(a) he acts intending to cause a harmful or offensive contact with the person of the other * * *, and

"(b) a harmful contact with the person of the other directly or indirectly results[; or] [1]

---

1. Harmful contact: Restatement of the Law 2d, Torts (1965) 25, Section 13, cited with approval in *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166, 167.

"[c] an offensive contact with the person of the other directly or indirectly results."[2]  (Footnote added.)

■   In determining if a person is liable for a battery, the Supreme Court has adopted the rule that "[c]ontact which is offensive to a reasonable sense of personal dignity is offensive contact."  *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166, 167.  It has defined "offensive" to mean "disagreeable or nauseating or painful because of outrage to taste and sensibilities or affronting insultingness."  *State v. Phipps* (1979), 58 Ohio St.2d 271, 274, 12 O.O.3d 273, 275, 389 N.E.2d 1128, 1131.  Furthermore, tobacco smoke, as "particulate matter," has the physical properties capable of making contact.  R.C. 3704.01(B) and 5709.20(A);  Ohio Adm.Code 3745–17.

■   As alleged in Leichtman's complaint, when Furman intentionally blew cigar smoke in Leichtman's face, under Ohio common law, he committed a battery.  No matter how trivial the incident, a battery is actionable, even if damages are only one dollar.  *Lacey v. Laird* (1956), 166 Ohio St. 12, 1 O.O.2d 158, 139 N.E.2d 25, paragraph two of the syllabus.  The rationale is explained by Roscoe Pound in his essay "Liability":  "[I]n civilized society men must be able to assume that others will do them no intentional injury—that others will commit no intentioned aggressions upon them."  Pound, An Introduction to the Philosophy of Law (1922) 169.

Other jurisdictions also have concluded that a person can commit a battery by intentionally directing tobacco smoke at another.  *Richardson v. Hennly* (1993), 209 Ga.App. 868, 871, 434 S.E.2d 772, 774–775.  We do not, however, adopt or lend credence to the theory of a "smoker's battery," which imposes liability if there is substantial certainty that exhaled smoke will predictably contact a nonsmoker.  Ezra, Smoker Battery: An Antidote to Second–Hand Smoke (1990), 63 S.Cal.L.Rev. 1061, 1090.  Also, whether the "substantial certainty" prong of

---

2.  Offensive contact: Restatement, *supra*, at 30, Section 18.  See, generally, *Love* at 99–100, 524 N.E.2d at 167, in which the court: (1) referred to battery as "intentional, offensive touching"; (2) defined offensive contact as that which is "offensive to a reasonable sense of personal dignity";  and (3) commented that if "an arrest is made by a mere touching * * * the touching is offensive and, unless privileged, is a 'battery.'"  *Id.*, 37 Ohio St.3d at 99, 524 N.E.2d at 167, fn. 3.  See, also, *Schultz v. Elm Beverage Shoppe* (1988), 40 Ohio St.3d 326, 328, 533 N.E.2d 349, 352, fn. 2 (citing Restatement, *supra*, at 22, Chapter 2, Introductory Note), in which the court identified an interest in personality as "freedom from offensive bodily contacts";  *Keister v. Gaker* (Nov. 8, 1978), Warren App. Nos. 219 and 223, unreported (battery is offensive touching).

intent from the Restatement of Torts translates to liability for secondary smoke via the intentional tort doctrine in employment cases as defined by the Supreme Court in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, paragraph one of the syllabus, need not be decided here because Leichtman's claim for battery is based exclusively on Furman's commission of a deliberate act. Finally, because Leichtman alleges that Furman deliberately blew smoke into his face, we find it unnecessary to address offensive contact from passive or secondary smoke under the "glass cage" defense of *McCracken v. Sloan* (1979), 40 N.C.App. 214, 217, 252 S.E.2d 250, 252, relied on by the defendants.

Neither Cunningham nor WLW is entitled to judgment on the battery claim under Civ.R. 12(B)(6). Concerning Cunningham, at common law, one who is present and encourages or incites commission of a battery by words can be equally liable as a principal. *Bell v. Miller* (1831), 5 Ohio 250; 6 Ohio Jurisprudence 3d (1978) 121–122, Assault, Section 20. Leichtman's complaint states, "At Defendant Cunningham's urging, Defendant Furman repeatedly blew cigar smoke in Plaintiff's face."

With regard to WLW, an employer is not legally responsible for the intentional torts of its employees that do not facilitate or promote its business. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 329–330, 587 N.E.2d 825, 828–829. However, whether an employer is liable under the doctrine of *respondeat superior* because its employee is acting within the scope of employment is ordinarily a question of fact. *Id.* at 330, 587 N.E.2d at 825. Accordingly, Leichtman's claim for battery with the allegations against the three defendants in the second count of the complaint is sufficient to withstand a motion to dismiss under Civ.R. 12(B)(6).

By contrast, the first and third counts of Leichtman's complaint do not state claims upon which relief can be granted. The trial court correctly granted the Civ.R. 12(B)(6) motion as to both counts. In his first count, Leichtman alleged a tortious invasion of his privacy. See, generally, Restatement, *supra*, at 376, Section 652B, as adopted by *Sustin v. Fee* (1982), 69 Ohio St.2d 143, 145, 23 O.O.3d 182, 183–184, 431 N.E.2d 992, 993. A claim for invasion of privacy may involve any one of four distinct torts. Prosser, Privacy (1960), 48 Cal.L.Rev. 383. The tort that is relevant here requires some substantial intrusion into a plaintiff's solitude, seclusion, habitation, or affairs that would be highly offensive to a reasonable person. See, *e.g.*, Restatement, *supra*, at 378–379, Section 652B, Comments *a* to *d*; *Killilea v. Sears Roebuck & Co.* (1985), 27 Ohio App.3d 163, 166, 27 OBR 196, 198–199, 499 N.E.2d 1291, 1294. Leichtman acknowledges that he willingly entered the WLW radio studio to make a public radio appearance with Cunningham, who is known for his blowtorch rhetoric. Therefore, Leicht-

man's allegations do not support his assertion that Furman, Cunningham, or WLW intruded into his privacy.

In his third count, Leichtman attempts to create a private right of action for violation of Cincinnati Bd. of Health Reg. No. 00083, which makes it illegal to smoke in designated public places. Even if we are to assume, for argument, that a municipal regulation is tantamount to public policy established by a statute enacted by the General Assembly, the regulation has created rights for nonsmokers that did not exist at common law. Bd. of Health Reg., *supra*, at Sections 00083–7 and 00083–13. Therefore, because sanctions also are provided to enforce the regulation, there is no implied private remedy for its violation. R.C. 3707.99, 3707.48(C); *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 169, 572 N.E.2d 87, 89–90; *Fawcett v. G.C. Murphy & Co.* (1976), 46 Ohio St.2d 245, 248–250, 75 O.O.2d 291, 293–294, 348 N.E.2d 144, 147 (superseded by statute on other grounds).

Arguably, trivial cases are responsible for an avalanche of lawsuits in the courts. They delay cases that are important to individuals and corporations and that involve important social issues. The result is justice denied to litigants and their counsel who must wait for their day in court. However, absent circumstances that warrant sanctions for frivolous appeals under App.R. 23, we refuse to limit one's right to sue. Section 16, Article I, Ohio Constitution states, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

This case emphasizes the need for some form of alternative dispute resolution operating totally outside the court system as a means to provide an attentive ear to the parties and a resolution of disputes in a nominal case. Some need a forum in which they can express corrosive contempt for another without dragging their antagonist through the expense inherent in a lawsuit. Until such an alternative forum is created, Leichtman's battery claim, previously knocked out by the trial judge in the first round, now survives round two to advance again through the courts into round three.

We affirm the trial court's judgment as to the first and third counts of the complaint, but we reverse that portion of the trial court's order that dismissed the battery claim in the second count of the complaint. This cause is remanded for further proceedings consistent with law on that claim only.

*Judgment accordingly.*

DOAN, P.J., HILDEBRANDT and GORMAN, JJ., concur.