**Anthony LEDING, Appellant,**

v.

**EASTERN OKLAHOMA MEDICAL CENTER, Marlene Cooper, and Dennis Carter, Appellees.**

**No. 87576.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Dec. 10, 1996.

Anthony Leding, Poteau, Pro Se.

W. Michael Hill, Edward J. Main, Secrest, Hill & Folluo, Tulsa, for Appellees EOMC and Cooper.

Alfred K. Morlan, Morlan & Associates, P.C., Tulsa, for Appellee Carter.

REIF, Judge.

This is an appeal pursuant to Civil Appellate Procedure Rule 1.203, 12 O.S.Supp.1995, ch. 15, app. 2, to review the dismissal of Anthony Leding's "complaint" against Eastern Oklahoma Medical Center, Marlene Cooper, its social services director, and Dennis Carter, one of its doctors. The defendants sought dismissal of the "complaint" on grounds that it failed to state a claim for which relief could be granted. 12 O.S.1991 § 2012. In substance, the "complaint" alleges that Ms. Cooper and Dr. Carter wrongfully concluded that Mr. Leding was mentally ill during his hospitalization at the Medical Center for a physical injury and wrongfully commenced mental health proceedings against him. Mr. Leding bases his claim that the decisions and actions of the defendants were wrongful on their refusal to recognize Mr. Leding as the President of Presidents of the United Nations and their efforts to end his "rescue mission" fasting that he even describes as "imperiling his own life."

In ruling on the motions to dismiss, the trial court took judicial notice of the mental health proceeding and the supreme court has ordered that the record on appeal from the mental health proceeding be included in the record on appeal in this case. The record on appeal from the mental health proceeding reflects affirmance of the trial court's judgment on the jury—verdict finding Mr. Leding mentally ill and in need of treatment. In a few words, Mr. Leding's claim to be the President of Presidents of the United Nations and his life-threatening fasting have been finally adjudicated to be aspects of a delusional mental illness.

The decisions and actions of the defendants herein to aid Mr. Leding with this mental illness were not wrongful in any legal sense (the conclusory adjectives in the "complaint" notwithstanding) and, indeed, were privileged. As the Supreme Court of Ohio has observed in *Schultz v. Elm Beverage Shoppe,* 40 Ohio St.3d 326, 533 N.E.2d 349, 351 (1988):

A person "who otherwise would be liable for a tort is not liable if he acts in pursuance of and within the limits of a privilege * * *." 4 Restatement of the Law 2d, Torts (1979) 355, Section 890. The term "privilege" denotes the existence of circumstances that justify, or excuse, conduct that would ordinarily subject the actor to liability. See 1 Restatement of the Law 2d, Torts (1965) 17, Section 10(1), and, generally, Prosser & Keeton on Torts (5 Ed.1984) 108–110, Section 16. Conduct that would otherwise be actionable is held to be privileged as a matter of law where, under the circumstances, it furthers an interest of social importance. See Prosser & Keeton, supra, at 109.

Unquestionably, taking reasonable actions to assist someone who is manifesting delusional mental illness and is engaged in life-threatening behavior, such as an extended fast, furthers an interest of social importance by helping and protecting such an individual. In *Schultz,* the court held that a summary judgment in favor of defendant was proper because the actions of the defendant's agent were reasonable as a matter of law in view of the urgency of the situation. *See also Furrh*

*v. Arizona Bd. of Regents,* 139 Ariz. 83, 676 P.2d 1141, 1146 (Ariz.Ct.App.1983), holding that: "Intentional acts done out of necessity to prevent harm to one or more persons are not actionable so long as they are reasonable."

The trial court's order dismissing the complaint for failure to state a claim is affirmed.

AFFIRMED.

RAPP, C.J., and TAYLOR, P.J., concur.