OPINION
{¶ 1} Appellant, K-M I Associates, a limited partnership, appeals the judgment of the Trumbull County Court of Common Pleas, granting appellee, Cafaro Leasing Company, Limited's, motion for judgment on the pleadings on appellee's complaint and on appellant's counterclaim. At issue is the interpretation of a provision in a lease agreement between the parties concerning appellee's alleged obligation to provide to appellant copies of appellee's subleases on the property. *Page 2 
 {¶ 2} In 1980, appellant leased a parcel of commercial real estate under a lease purchase agreement from the city of Niles consisting of 11.69 acres located at 5185 Youngstown-Warren Road, Niles, Ohio. Appellant is now the owner of the parcel.
 {¶ 3} Appellant leased the premises to K-Mart Corp., pursuant to a lease agreement, dated October 3, 1980 (the "Lease"). Nineteen years later, on August 17, 1999, K-Mart assigned its rights and obligations under the lease to appellee. The parties agree that appellant is the lessor of the property and appellee is the lessee.
 {¶ 4} Thereafter, on August 20, 1999, appellee subleased the premises to MCI Worldcom Communications. On October 1, 2004, MCI subleased the premises to West Corp. Under the 1980 lease, the first term of the lease was 25 years, from October 3, 1980 to June 1, 2005, and was called the "primary term." "Thereafter, * * * Lessee [had] the right * * * to extend this Lease for ten (10) consecutive extended terms of five (5) years each (herein called the Extended terms) * * *. Lessee may exercise each such option to extend this Lease by giving written notice to Lessor at least 120 days prior to the end of the then term of the Lease. The giving of such notice shall automatically extend this Lease for an Extended Term and no instrument of renewal need be executed * * *."
 {¶ 5} By letter, dated March 7, 2005, appellant advised appellee that it was in default of Paragraph 18 of the Lease because the West sublease was executed without appellant's consent. Appellant demanded that appellee provide copies of all existing subleases, including the MCI and West subleases, within ten days so that appellant could evaluate its rights. *Page 3 
 {¶ 6} By letter, dated March 10, 2005, appellee refused appellant's request for copies of the subleases, stating that Paragraph 18 did not require it to produce the subleases to appellant.
 {¶ 7} By letter, dated April 12, 2005, appellee advised appellant that it had no obligation under the Lease to provide copies of its subleases to appellant, and that appellee's right to sublet the premises without appellant's consent was a major consideration in appellee's acceptance of the Lease.
 {¶ 8} By letter, dated April 19, 2005, appellant advised appellee that, pursuant to Paragraph 18, appellee was obligated to provide copies of the subleases, and declared appellee's refusal to provide copies to be a default under the Lease. Appellant gave appellee thirty days to cure the alleged default, and advised that if appellee did not comply, appellant would terminate the Lease.
 {¶ 9} On May 17, 2005, appellee filed this action, seeking: (1) a declaration of its rights under the lease to the effect that it does not require appellee to provide copies of its subleases to appellant and that it is not in default for not having done so (Count One) and (2) damages for breach of contract (Count Two). Since the primary term of the lease would expire on June 1, 2005, the complaint was filed while the primary term of the lease was still in force. In appellant's answer and counterclaim, filed on June 15, 2005 as an attachment to its notice of filing of notice of removal to federal court, appellant alleged: "Since June 1, 2005, the First Extended Term under the Lease became fully operative." In its counterclaim, appellant sought a declaration that appellee has breached Paragraph 18 by refusing to allow appellant to review its subleases, entitling appellant to damages. In its reply to appellant's counterclaim, filed *Page 4 
on September 7, 2005, appellee admitted, "the First Extended Term under the Lease began on June 1, 2005." Thus, the parties stipulated that the lease agreement was extended under the terms of the 1980 lease.
 {¶ 10} The provision of the Lease at issue is Paragraph 18, which provides:
 {¶ 11} "Assignment and Subletting. Lessee may sublet all or any part of the Premises or assign its interests hereunder, provided that each sublease shall expressly be made subject to the provisions hereof. No such assignment or sublease shall modify or limit any right or power of Lessor hereunder or affect or reduce any obligation of Lessee hereunder * * *."
 {¶ 12} Appellee filed a motion for partial judgment on the pleadings with respect to count one of its complaint seeking declaratory relief, and appellant filed a cross-motion for judgment on the pleadings. Appellee argued that since the Lease does not require that it provide appellant with copies of the subleases, appellee was entitled to a declaration that it was not in default under the Lease. Appellant argued that because Paragraph 18 required that any sublease not modify any rights of appellant, it is entitled to a finding appellee has breached the Lease by not providing appellant with copies of the subleases, entitling appellant to damages.
 {¶ 13} The trial court in its judgment entry noted that the issue was whether Paragraph 18 gave appellant the right to have copies of the subleases and if, in refusing to provide copies, appellee is in default under the Lease. The court found that no express provision in the Lease required appellee to provide copies.
 {¶ 14} The court next considered whether appellant had an implied right to review the subleases. The court found that appellant had the opportunity to include a *Page 5 
provision into Paragraph 18 entitling it to receive the subleases, but failed to do so. It found that if it now granted appellant this right, it would have to, in effect, rewrite the contract for the parties. The court found that the right to inspect the subleases was not necessary to effectuate the intent of the parties, particularly since the subject of subletting was completely addressed in the contract. The trial court granted appellee's motion for partial judgment on the pleadings and denied appellant's cross-motion. Appellee then moved to dismiss count two of its complaint seeking damages. The court granted this motion, and its judgment entry then became final. Appellant appeals the court's judgment entry, asserting two assignments of error.
 {¶ 15} "[1.] The trial court erred in granting Cafaro's [m]otion for [p]artial [j]udgment on the [p]leadings.
 {¶ 16} "[2.] The trial court erred in denying K-M I's [m]otion for [j]udgment on the pleadings."
 {¶ 17} In its first assignment of error, appellant argues that the trial court erred in granting appellee's motion for partial judgment on the pleadings. In its second assignment of error, appellant contends that the trial court erred in denying its motion for judgment on the pleadings.
 {¶ 18} Because appellant's assignments of error are interrelated, we will address them in a consolidated fashion.
 {¶ 19} "Because Civ.R. 12(C) motions test the legal basis for the claims asserted in a complaint, our standard of review is de novo. SeeState ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570, * * *. In ruling on the motion, a court is permitted to consider the complaint and the answer as well as any material incorporated *Page 6 
by reference or attached as exhibits to those pleadings. McDonald v.McDonald (June 17, 1998), 4th Dist. No. 97CA2291, 1998 Ohio App. LEXIS 2759, at *4, citing Peterson v. Teodosio (1973), 34 Ohio St.2d 161,165-166, * * *; see, also, Klein Darling, Civil Practice (1997), 694, at 12-9. In so doing, the court must construe the material allegations in the complaint, with all reasonable inferences drawn there from, as true and in favor of the non-moving party. Whaley v. Franklin Cty. Bd. ofCommrs. (2001), 92 Ohio St.3d 574, 581, * * *. A court granting the motion must find that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief. Pontious, supra, at 570." Frazier v. Kent, 11th Dist. Nos. 2004-P-0077 and 2004-P-0096,2005-Ohio-5413, at ¶ 14. (Parallel citations omitted.)
 {¶ 20} Civ.R. 8(A), concerning "claims for relief," provides in pertinent part:
 {¶ 21} "A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. * * *"
 {¶ 22} Under the rules of notice pleading, Civ.R. 8(A) requires only a short and plain statement of the claim that gives the defendant fair notice of the plaintiffs claim and the grounds upon which it is based.Patrick v. Wertman (1996), 113 Ohio App.3d 713, 716.
 {¶ 23} "Because it is so easy for the pleader to satisfy the standard of Civ.R. 8(A), few complaints are subject to dismissal." Leichtman v.WLW Jacor Communications, Inc. (1994), 92 Ohio App.3d 232, 234
[interpreting Civ.R. 12(B)(6)].
 {¶ 24} On May 17, 2005, appellee filed a complaint for declaratory judgment and other relief including breach of contract and breach of covenant of good faith and fair *Page 7 
dealing. On June 29, 2005, appellant filed an order for removal to federal court on September 16, 2005. It was remanded from federal court to the trial court, and on February 15, 2006, appellee filed a motion for partial judgment on the pleadings.
 {¶ 25} In appellee's pleading for declaratory judgment, count one at paragraph 18, appellee claims that certain controversies have arisen between appellant and appellee under the primary sublease and a declaration of the rights of the parties will terminate those controversies. Furthermore, it must be noted that this lawsuit and request for relief was filed approximately two weeks before the June 2, 2005 expiration of the contract at issue in this matter.
 {¶ 26} R.C. 2721.03, the declaratory judgment statute, provides in part: "* * * any person whose rights, status, or other legal relations are affected by a * * * statute * * * may have determined any question of construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status, or other legal relations under it."
 {¶ 27} "In order to obtain declaratory relief, [a] plaintiff must establish (1) a real controversy between the parties, (2) a justiciable controversy, and (3) that speedy relief is necessary to preserve the rights of the parties. * * * Inherent in these requirements is the principle that Ohio courts do not render advisory opinions." R.A.S.Entertainment, Inc. v. Cleveland (1998), 130 Ohio App.3d 125, 128, citing Burger Brewing Co. v. Ohio Liquor Control Comm. (1973),34 Ohio St.2d 93; Haig v. Ohio State Bd. of Edn. (1992), 62 Ohio St.3d 507;Egan v. National Distillers Chemical Corp. (1986), 25 Ohio St.3d 176;Armco, Inc. v. Pub. Util. Comm. (1982), 69 Ohio St.2d 401.
 {¶ 28} It has been repeatedly held in Ohio that: *Page 8 
 {¶ 29} "There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief to preserve rights which may otherwise be lost or impaired; or (2) in accordance with R.C. 2721.07, the declaratory judgment will not terminate the uncertainty or controversy." Halley v. Ohio Co. (1995), 107 Ohio App.3d 518, 524, citing Wagner v. Cleveland (1988), 62 Ohio App.3d 8; Burger BrewingCo., supra.
 {¶ 30} A controversy exists when there is a genuine dispute between parties with opposing legal interests and that dispute is of sufficient immediacy that declaratory judgment is necessary. Wagner, supra, at 13.
 {¶ 31} It appears from the four corners of the pleadings that the contract upon which the trial court and the court of appeals have been asked to pass judgment has been expired for over two years. Neither party whether intentionally or negligently included in the filed contract documents a renewal document as well as a vital addendum, Exhibit B, which contains the very clauses necessary to adjudicate this matter. This is a contract interpretation. You cannot "guess" at the terms of the contract and interpret those clauses in an action where you have been called upon to interpret the very terms of the document if they are not present. If it is not in the four corners of the contract we must assume for purposes of Civ.R. 12(C) and basic contract law it is not there. The parties mention an extension of the contract in their pleadings but that extension occurred after they filed their complaint, and pursuant to their correspondence of April 19, where alleging breach, they had at that point an opportunity *Page 9 
to not renew or cancel their contract. As those clauses are not before us, any opinion would be considered advisory.
 {¶ 32} Appellant cannot seek a merely advisory opinion from the court. There is no "relief" available to appellant presuming the trial court could issue an advisory opinion. See, generally, Indiana Ins. Co. v.M.D.O. Homes, Inc. (Dec. 7, 2001), 11th Dist. No. 2000-L-167, 2001 Ohio App. LEXIS 5434.
 {¶ 33} Furthermore, because appellee dismissed its complaint as to its breach of contract claims, which may have provided us a damages issue, we are left, as was the trial court, to determine the sole issue, not justifiable or relevant to an expired contract, simply: whether appellee has to turn over, pursuant to the terms of the contract parts of which are missing, copies of the subtenant's lease. The party's immediate remedy did not lie with the trial court nor the appellate court but with each other through nonrenewal of the contract. Essentially, their remedy is to renegotiate the terms of the now expired contract or when extending the contract terms negotiating that point in the document. The parties, according to the record, do not, nor have not since June 2, 2005, a justiciable controversy, nor can appellee maintain its standing for relief under the declaratory judgment statute based upon its remaining claims. Therefore, the parties presently have no justiciable controversy. The parties cannot use the trial courts and the appellate courts to issue advisory opinions to settle long expired disputes between them.
 {¶ 34} Due to the definition of justiciable controversy, and the requirement of the declaratory judgment statute, as well as the narrow parameters of Civ.R. 12(C), this has *Page 10 
become a mere discovery issue in an otherwise improvidently and inappropriately filed lawsuit.
 {¶ 35} For the reasons indicated, we hold that no justiciable controversy existed between these parties. The case should have been dismissed in the trial court.
 {¶ 36} Appellant's first and second assignments of error are with merit.
 {¶ 37} For the foregoing reasons, appellant's assignments of error are well-taken. The judgment of the Trumbull County Court of Common Pleas is reversed and the matter is remanded for the trial court to vacate its prior order and dismiss claims or supplement the record with addendum B and the contract extension if applicable so as to properly determine the matter. It is ordered that appellee is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, J., concurs in judgment only,
CYNTHIA WESTCOTT RICE, P.J., dissents with Dissenting Opinion.