[Cite as *Brice v. Crair*, 2021-Ohio-2595.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Village of Brice,                                    :

      Plaintiff-Appellant,                        :

                                    No. 20AP-221
v.                                                   :        (M.C. No. 2019 CVH 46854)

Jeffrey Crair,                                       :        (REGULAR CALENDAR)

      Defendant-Appellee.                         :

D E C I S I O N

Rendered on July 29, 2021

**On brief:** *Isaac Wiles Burkholder & Teetor LLC*, *Brian M. Zets* and *Dale D. Cook*, for appellant. **Argued:** *Dale D. Cook*.

**On brief:** *Hillard M. Abroms*, for appellee. **Argued:** *Hillard M. Abroms*.

APPEAL from the Franklin County Municipal Court

KLATT, J.

{¶ 1} Plaintiff-appellant, Village of Brice, appeals from a judgment of the Franklin County Municipal Court dismissing a traffic citation issued to defendant-appellee, Jeffrey Crair, pursuant to appellant's speeding-camera civil-enforcement program. For the following reasons, we affirm.

{¶ 2} On November 7, 2019, appellant issued a "Notice of Violation" for a speeding offense allegedly committed by appellee. The notice informed appellee that on November 4, 2019, a traffic law photo-monitoring device recorded images of a vehicle registered to him traveling 36-m.p.h. in a 25-m.p.h. speed zone. The notice contained still photographs of the vehicle and identified the location, date, and time of the alleged offense

as well as the vehicle's make, year, and license plate number. The notice stated that "[b]ased on an inspection of recorded images which are enclosed herewith, the above motor vehicle was involved in a traffic law violation. The recorded images are prima facie evidence of that traffic law violation." The notice further averred that the citation was issued pursuant to R.C. 4511.093(B)(3) and "Brice Ordinance 2017-07."

{¶ 3} The notice advised appellee of the $125 penalty for the violation, that the citation was not considered a moving violation, and that payment of the penalty would not result in points being assessed against his driver's license and could not be used to increase his insurance rates. The notice warned that failure to pay the penalty or contest the citation within 30 days of its receipt would constitute an admission of liability and waiver of the opportunity to contest the citation; payment could be made online, by phone, or by mail. Mailed remittance was to be sent to the "Village of Brice Photo Speed Processing Center" at an address in Hamilton, Ohio.

{¶ 4} On November 27, 2019, appellee, represented by counsel, filed in the trial court a request for an administrative hearing. Contemporaneously with appellee's filing, the trial court issued an entry directing the clerk to initiate the case with a "CVH" civil designation, waive the filing fee, and schedule the matter for hearing.

{¶ 5} The hearing was held on January 27, 2020. Both parties were represented by counsel; appellee did not attend. At the outset of the hearing, the trial court averred, "I understand, Mr. Zets, on behalf of the Village of Brice, you wish to withdraw the request for responsibility for this speed violation?" (Jan. 27, 2020 Tr. at 3-4.) Counsel replied, "Yes, we do, Your Honor." *Id.* at 4.[1]

{¶ 6} The trial court then provided appellee's counsel the opportunity to respond. Counsel argued that appellant had disregarded several statutory provisions pertaining to local authorities' use of traffic cameras to civilly enforce speeding violations. To that end, counsel first alleged that "[w]hen [appellant] created the speeding ticket violation, it was supposed to have passed an ordinance. I find no record * * * from the Village of Brice that such an ordinance was ever passed." *Id.* at 5. Counsel next alleged that "[appellant was]

---

[1] Both parties agree that prior to commencement of the hearing, the parties and trial court engaged in an in-chambers discussion regarding withdrawal of the citation. At oral argument before this court, the parties provided differing versions of that discussion. The in-chambers colloquy was not transcribed and thus is not part of the record on appeal.

supposed to have * * * published this ordinance * * *.  No such publication exists."  *Id.* Lastly, counsel alleged that appellant "was supposed to post a financial amount and * * * [was] supposed to have filed a ticket with the * * * Franklin County Municipal Clerk of Courts, which they did not do so."  *Id.*

{¶ 7}  Addressing appellant's counsel, the trial court inquired if there was "[a]nything else from the Village of Brice?"  *Id.* at 6.  Counsel offered no argument in rebuttal.

{¶ 8}  Immediately thereafter, the trial court averred that it would issue a written ruling on "what's happened here today and * * * this citation."  *Id.* at 6.  The court declined appellee's counsel's request for an order prohibiting appellant from issuing further citations.  Indeed, the court averred, "I'm not going to do it in this case.  That would have to be a separate type of filing.  That is a Common Pleas injunction. I don't have injunctive power * * * being the Municipal Court."  *Id.* at 6-7.

{¶ 9}  In a judgment entry filed March 2, 2020, the trial court stated:

> The Notice of Violation mailed to Defendant contains citations to sections of the Ohio Revised Code which were amended, effective July 3, 2019.  Under the former applicable code sections, namely O.R.C., sections 4511.093 *et. seq.*, there was a process in place for contested violations to be heard by an administrative hearing officer with the right to appeal the findings of that administrative hearing to the municipal or county court with territorial jurisdiction over the issuing authority.  Under the current applicable code sections, the procedure was changed to require the local authority, if a ticket is issued, to file a certified copy of the ticket with the municipal or county court with jurisdiction over the civil action.  ORC, Section 4511.096.  Required procedure under the O.R.C. was not followed by the Village of Brice.
>
> Additionally, O.R.C., section 4511.097(B)(8) requires that the ticket sent to an accused shall include, among other things, the address of the municipal court or county court with jurisdiction over the civil action to which the payment is to be made if the ticket is not contested.
>
> The Notice of Violation mailed to Defendant directs him to pay the fine to a photo speed processing center in Hamilton, Ohio.  This is in direct contravention of the law requiring payment to now be made to the municipal or county court.

> The ticket mailed to Defendant is deficient and does not comply with the current law.
>
> Also, O.R.C. 4511.099 requires the local authority to provide an advance deposit to consist of applicable court costs and fees to initiate the civil action unless the photo monitoring device was located in a school zone. The Village of Brice did not file a certified copy of the ticket with the Court (as discussed above), and they did not pay the appropriate filing fee for civil actions of $123.00 as required, since the device was not located in a school zone. The Village of Brice is not complying with the current law.
>
> As outlined above, the Village of Brice is not in compliance with several provisions of the Ohio Revised Code regarding traffic law photo-monitoring devices. Based upon the foregoing, and for good cause shown, it is hereby
>
> ORDERED and ADJUDGED that the Defendant is found to be NOT LIABLE for the violation, and this case is hereby DISMISSED, with prejudice.

(Mar. 2, 2020 Jgmt. Entry at 1-2.)

{¶ 10} In a timely appeal, appellant advances the following three assignments of error:

> [I]. The trial court erred in rendering an advisory opinion on legal arguments after the Citation had been dismissed as there was no justiciable controversy before the court.
>
> [II]. The trial court erred and violated the Village's procedural due process rights by ruling on unsupported arguments without giving the Village proper notice and an opportunity to brief the facts and issues arising from counsel's arguments.
>
> [III]. The trial court erred in finding the Village of Brice's Photo Enforcement Program unlawful in the absence of a hearing or any evidence to support its judgment.

{¶ 11} Preliminarily, we note that appellant does not challenge the trial court's judgment finding no liability for the speeding violation and dismissing the case with prejudice. Appellant does not advocate for reversal of the judgment on grounds that the trial court, rather than dismissing the case against appellee, should have found him liable

for the speeding violation and ordered him to pay the $125 ticket. Nor does appellant allege that the trial court erred in concluding that appellant did not comply with Ohio law in issuing the citation to appellee. Rather, appellant argues that the trial court committed reversible error in issuing an advisory opinion, in violating its procedural due process rights, and in finding appellant's photo enforcement program unlawful absent an evidentiary basis to do so. We disagree with all three contentions.

{¶ 12} Regarding appellant's first assignment of error, we agree with the general principle that Ohio courts do not render advisory opinions. *Cafaro Leasing Co. v. K-M I Assocs.*, 11th Dist. No. 2006-T-0115, 2007-Ohio-6723, ¶ 27, citing *R.A.S. Entertainment, Inc. v. Cleveland*, 130 Ohio App.3d 125 (1998). However, the trial court's March 2, 2020 judgment is not an advisory opinion. Contrary to appellant's assertions, the case had not already been dismissed at the time the trial court issued its judgment. Review of the record reveals that appellant did not move for dismissal between November 7, 2019 (the date the citation was issued) and January 27, 2020 (the date of the hearing), nor did it move for dismissal between the hearing date and March 2, 2020 (the date the court entered judgment). Further, appellant did not expressly move for dismissal, either orally or in writing, at the time of the hearing. Appellant's affirmative response to the trial court's query about the "wish to withdraw the request for responsibility of this speed violation" does not amount to a request that the court "dismiss the matter completely," as appellant asserts in its brief. (Appellant's Brief at 3.)

{¶ 13} Further, we do not agree with appellant's contention that the trial court "accepted the withdrawal and dismissal of the Citation" at the time of the hearing. *Id.* at 7. Following the colloquy with appellant's counsel regarding its "wish to withdraw the request for responsibility" for the speeding violation, the trial court permitted response from counsel for appellee. The court's action indicates that it did not view appellant's counsel's statement as a formal request to withdraw the citation and dismiss the case. Moreover, at the close of the hearing, the trial court advised the parties that it would issue a written ruling on the matter. There is no suggestion in the court's language at the hearing that it had, or ever intended to, dismiss the case at that point in the proceedings.

{¶ 14} Finally, the trial court did not issue its judgment dismissing the case until after it had examined the record and applicable statutes and concluded that appellant had

not complied with Ohio law in issuing the citation. As such, the trial court's opinion was not advisory.

{¶ 15} The first assignment of error is overruled.

{¶ 16} Appellant's second assignment of error argues that the trial court violated its procedural due process rights. Specifically, appellant contends that it had no notice of, and was not provided the opportunity to respond to, appellee's counsel's arguments regarding appellant's alleged failure to comply with Ohio law relevant to its use of a traffic camera to civilly enforce a speeding violation against appellee.

{¶ 17} We assent, of course, to the broad legal tenet that procedural due process requires notice and a reasonable opportunity to be heard. *Starr v. Ohio Div. of Real Estate & Professional Licensing*, 10th Dist. No. 20AP-47, 2021-Ohio-2243, ¶ 22, citing *Edmands v. State Med. Bd. of Ohio*, 10th Dist. No. 14AP-778, 2015-Ohio-2658, ¶ 23. Review of the record in this case reveals that appellant was afforded both.

{¶ 18} Regarding lack of notice, appellant asserts that "[n]o written motion or brief was filed delineating the arguments and authorities" appellee intended to present at the hearing; thus, argues appellant, it "had no idea that the lawfulness of the program would be contested." (Appellant's Brief at 10.) Appellant cites no legal authority for its proposition that appellee was required to specifically delineate its challenges to the citation in its request for a hearing. In our view, appellee's request for a hearing provided notice to appellant of his intention to challenge the citation on any number of grounds, including a challenge to appellant's compliance with Ohio law in issuing the citation.

{¶ 19} As to the lack of opportunity to be heard, appellant asserts that "[t]he trial court's seeming acceptance of the dismissal and withdrawal of the Citation lulled the Village into a false sense of security" which "eliminated any need to go further." (Appellant's Brief at 10-11.) As discussed under the first assignment of error, the trial court did not dismiss the case following appellant's averment at the hearing regarding its "wish to withdraw the request for responsibility" for the speeding violation. Indeed, the trial court permitted response from appellee's counsel, and then permitted appellant the opportunity to rebut the statutory arguments advanced. Appellant's failure to respond based solely upon its belief that the case had been dismissed was at its own peril.

{¶ 20} In the present case, there was no violation of appellant's procedural due process rights. The trial court held a hearing on appellee's challenge to the citation. Appellant was represented by counsel at that hearing and was provided the opportunity to assert its position in response to appellee's challenge.

{¶ 21} The second assignment of error is overruled.

{¶ 22} Appellant's third assignment of error contends that the trial court erred in finding appellant's photo enforcement program unlawful in the absence of evidence to support its judgment.

{¶ 23} Preliminarily, we disagree with appellant's broad assertion that the trial court found appellant's civil photo enforcement program wholly unlawful. To the contrary, the trial court's judgment was limited to consideration of appellant's statutory compliance as related to the particular citation issued to appellee. Indeed, the trial court referenced the "Notice of Violation" issued to appellee. The court observed that said notice contained citations to relevant statutory provisions governing procedures to be followed by appellant and, after examining the municipal court record, concluded that appellant had failed to follow those procedures in issuing the citation to appellee. On that basis, the court found appellee not liable and dismissed the case against him. Moreover, as noted above, the trial court expressly declined to issue an order prohibiting appellant from issuing further citations.

{¶ 24} Our conclusion that the trial court did not broadly find appellant's civil photo enforcement program unlawful aligns with our April 22, 2020 journal entry denying appellant's motion for a stay pending appeal of the trial court's judgment. There, we averred, in part, that "we find no judgment * * * that * * * binds the Village as to future conduct." In other words, this court has already determined that the trial court's judgment was limited to appellant's conduct related to the particular citation issued to appellee.

{¶ 25} Appellant also argues that there was no evidence presented at the hearing to support the trial court's conclusion that appellant had failed to comply with statutory procedures in issuing the citation to appellee. In its judgment, the trial court determined that appellant failed to comply with R.C. 4511.096(C), 4511.097(B)(8), and 4511.099(A).

{¶ 26} R.C. 4511.096(C) states: "[w]ithin thirty days of the traffic law violation, the local authority * * * may issue and send by regular mail a ticket charging the registered

owner with the violation.  The ticket shall comply with section R.C. 4511.097 of the Revised Code.  If the local authority mails a ticket charging the registered owner with the violation, the local authority shall file a certified copy of the ticket with the municipal court or county court with jurisdiction over the civil action."  Here, appellant, a "local authority" as defined in R.C. 4511.092(C), mailed a ticket to appellee, the "registered owner" as defined in R.C. 4511.092(G), charging him with a speeding violation based on evidence recorded by a traffic photo-monitoring device.  As correctly observed by the trial court, the municipal court record in this case does not include a certified copy of the ticket filed by appellant.

{¶ 27} R.C. 4511.097(B)(8) mandates that a ticket issued by a local authority must include "[t]he amount of the civil penalty imposed, the date by which the civil penalty is required to be paid, and the address of the municipal court or county court with jurisdiction over the civil action to which the payment is to be sent."  As correctly observed by the trial court, the "Notice of Violation" mailed to appellee directs him to pay the $125 fine to a photo speed processing center in Hamilton, Ohio, not to the Franklin County Municipal Court.

{¶ 28} R.C. 4511.099(A), as relevant here, provides that "when a certified copy of a ticket issued by a local authority * * * is filed with the municipal court or county court with jurisdiction over the civil action, the court shall require the local authority to provide an advance deposit for the filing of the action.  The advance deposit shall consist of all applicable court costs and fees for the civil action.  The court shall retain the advance deposit regardless of which party prevails in the civil action and shall not charge to the registered owner or designated party any court costs and fees for the civil action."  As correctly observed by the trial court, the municipal court record in this case does not include a certified copy of the ticket filed by appellant, nor is there any indication that appellant paid the appropriate filing fee.

{¶ 29} Appellant maintains that "no witness testified as to these alleged deficiencies nor was there any indication that any of the documents that may have been reviewed were properly authenticated.  There were no stipulations as to the file documents."  (Appellant's Brief at 13.)  The legal basis for the trial court's judgment arose from its examination of the applicable statutes and the contents of the municipal court record relevant to those statutes.  Appellant cites no legal authority establishing that the contents of a trial court record must be stipulated, authenticated, or corroborated by witness testimony, or prohibiting a court

from sua sponte examining the contents of the trial record and relying upon such examination in issuing a judgment. Here, the trial court examined the contents of the municipal court file in concluding that appellant had failed to comply with applicable statutory provisions. No other evidence was required.

{¶ 30} The third assignment of error is overruled.

{¶ 31} Having overruled appellant's first, second, and third assignments of error, we hereby affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BROWN and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned
to active duty under authority of Ohio Constitution, Article IV,
Section 6(C).

_____