[Cite as *Brown v. Ohio Dept of Rehab. & Corr.*, 2013-Ohio-4207.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Frank C. Brown, Jr.,                           :

    Plaintiff-Appellant,                     :

                                         No. 12AP-891

v.                                             :     (Ct. of Cl. No. 2011-03120)

Ohio Department of Rehabilitation              :     (REGULAR CALENDAR)
and Correction,
                                               :
    Defendant-Appellee.
                                               :

---

D E C I S I O N

Rendered on September 26, 2013

---

*Frank C. Brown, Jr.*, pro se.

*Michael DeWine*, Attorney General, and *James P. Dinsmore*, for appellee.

---

APPEAL from the Court of Claims of Ohio.

SADLER, J.

{¶ 1} Plaintiff-appellant, Frank C. Brown, Jr., appeals from the judgment of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("appellee" or "ODRC"), on all claims asserted by appellant. For the reasons that follow, we affirm the judgment of the trial court.

## I. BACKGROUND

{¶ 2} Appellant filed an amended complaint (hereinafter "complaint") on March 25, 2011, alleging that ODRC's employees wrongfully destroyed his property which

he claimed consisted of legal materials pertaining to ongoing litigation.[1]  Appellant alleged that the conduct of destroying this property, three boxes of legal materials and a typewriter, was "willful, wanton, deliberate, intentional, malicious and in reckless disregard of [his] rights."  (Amended Complaint, 6.)  The complaint also alleged that, due to appellee's conduct, he has "suffered great mental and emotional distress, anxiety, humiliation, pain and suffering" and has been forced to spend unnecessary time and money.  (Amended Complaint, 6.)  Additionally, the complaint alleged that appellant's ability to pursue his legal proceedings was impaired.  Appellant sought compensatory damages in the amount of $1 million against appellee jointly and/or severally.

{¶ 3}  According to appellant's complaint, after being instructed to condense property he had previously stored in Unit Manager Kelly Mason's office, he condensed his belongings from five boxes down to three and placed the boxes in a storage room in Mason's office.  Approximately two weeks later, appellant was again told he was storing property in excess of that permitted by ODRC policy and that the excess property needed to be either mailed home or destroyed.  The complaint specifically states appellant's response to the request was, "I am not going to mail it to anyone nor throw any of it away."  (Amended Complaint, 4.)  Appellant alleges he was denied the opportunity to speak to a supervisor and that his request that photos be taken of the property that was to be destroyed was also denied.  After the excess materials remained, ODRC employee Sergeant Leonard Gilliam ordered three boxes of material and a typewriter to be destroyed by being thrown in an "institution trash compactor." (Amended Complaint, 5.) Appellant filed an informal complaint against the employees for this conduct.

{¶ 4}  The parties engaged in discovery, and on July 11, 2012, appellee filed a combined motion for judgment on the pleadings and motion for summary judgment. Appellant moved for an extension of time to file a responsive pleading which the trial court granted and extended the time to respond to August 31, 2012.  Appellant also requested additional time to conduct discovery.  This request was denied.  On August 29,

---

[1] The complaint lists the various cases, courts, and case numbers to which the legal documents allegedly pertained.

2012, appellant sought a second extension of time to respond to the motion for summary judgment which was denied by the trial court. On September 11, 2012, approximately two weeks past the deadline of August 31, 2012 and prior to the trial court's ruling on the motion, appellant filed a responsive pleading to the motion for summary judgment.

{¶ 5} During the pendency of the case, appellant filed, on October 27, 2011, an "IMMEDIATE REQUEST AND MOTION FOR IMMUNITY AND JURISDICTIONAL DETERMINATION PURSUANT TO RC 2743.02(F)." Upon order of the court, appellant provided an immunity determination list containing the names of individuals for which he sought an immunity determination.

{¶ 6} On September 17, 2012, the trial court granted appellee's motion for summary judgment. In its judgment entry, the trial court concluded appellant's claim for retaliation was a claim requesting relief under 42 U.S.C. 1983 over which it lacked jurisdiction. With respect to the remaining claims, the trial court concluded the property appellant alleged was improperly destroyed was not organized or kept in a manner so as to be in compliance with ODRC's policies pertaining to an inmate's personal property. Therefore, based on the affidavits submitted by the parties, the trial court concluded the destroyed property constituted contraband that appellant was not entitled to possess and of which ODRC cannot be held liable for the loss.

{¶ 7} The court set forth the contents of Mason's and Gilliam's affidavits in its decision as follows:

> Mason avers:
>
> 1. I have personal knowledge of the facts contained in this Affidavit and am familiar with the underlying facts of this lawsuit. Morevoer, I have personally reviewed [defendant's] records regarding [plaintiff].
>
> 2. I am employed by [defendant] as a Unit Manager at [LoCI]. I have held that position for approximately eight years. I manage the daily operations of housing units assigned to me at LoCI, which includes managing all staff and inmates assigned to those housing units.
>
> 3. [Plaintiff] is an inmate in the custody of [defendant] and is currently incarcerated at the Madison Correctional Institution (MaCI). However, at all times relevant to this lawsuit,

[plaintiff] was incarcerated at LoCI in one of the housing units that I managed.

4. I am familiar with and trained to implement [defendant's] policy regarding the storage and handling of inmate personal property, which includes legal materials.

a. Attached to this Affidavit as Attachment 1 is a true and acute copy of [defendant's] Policy No. 61-PRP-01 that governs inmate personal property. The purpose of this policy is to establish policy and procedures regarding authorized personal property items for inmates. This policy defines inmate personal property as any item, not issued by [defendant], which the inmate has received permission to possess and provides that inmates are not permitted to possess state and personal property in excess of 2.4 cubic feet.

b. Attached to this Affidavit as Attachment 2 is a true and accurate copy of [defendant's] Policy No. 59-LEG-01 that governs inmate access to court and counsel. The purpose of this policy is to establish guidelines that ensure that inmates have adequate access to courts, attorneys and legal research materials. Pursuant to this policy, inmates are permitted to possess a reasonable amount of general and personal legal materials, which shall be maintained within the inmate's overall 2.4 cubic feet property limitation described in [defendant's] Policy No. 61-PRP-01. This policy defines personal legal materials as those documents that pertain to active litigation to which the inmate is a party. In addition, this policy requires that all excess legal material, including inactive case files, must be either mailed out of the institution at the inmate's expense or otherwise disposed of by the inmate. Finally, this policy requires inmates to keep legal materials organized by title and case number and to provide a list of the active litigation upon request.

c. Attached to this Affidavit as Attachment 3 is a true and accurate copy of [defendant's] Administrative Rule 5120-9-55 that governs contraband. This rule defines minor contraband as items possessed by an inmate without permission where 1) the location in which these items are discovered is improper; 2) the quantities in which an allowable item is possessed is prohibited; 3) the manner or method by which the item is obtained was improper; or 4) an allowable item is possessed by an inmate in an altered form or condition.

d. Attached to this Affidavit as Attachment 4 is a true and accurate copy of [defendant's] Administrative Rule 5120-9-33 that governs inmate packages and property restrictions. This rule states that contraband, as defined in [defendant's] Administrative Rule 5120-9-55, includes personal property that exceeds the inmate's overall 2.4 cubic feet property limitation described in [defendant's] Policy No. 61-PRP-01.

5. On March 9, 2009, I gave [plaintiff] a direct order to remove five boxes of his personal property that he had stored in my office, but he refused to comply with my order.

6. Although, in paragraph 8 of the Complaint, plaintiff alleges that I cursed at him during our March 9, 2009 interaction, I did not make the statements he alleges that I made.

7. On March 10, 2009, [plaintiff] came to my office and removed the five boxes of his personal property with the assistance of another inmate and took them in his cell for storage. As a result, his personal property now exceeded his 2.4 cubic feet property limitation that he is allowed under [defendant's] Policy 61-PRP-01 and the excess property was deemed contraband pursuant to [defendant's] Administrative Rules 5120-9-33 and 5120-9-55.

8. Although, in paragraph 9 of the Complaint, [plaintiff] alleges that he made a list of his active cases during our March 9, 2009 interaction, I did not witness him make such a list and he did not provide me with such a list.

9. On March 23, 2009, I called [plaintiff] to my office and ordered him to remove his excess personal property from his cell as it exceed[ed] the 2.4 cubic feet property limitation provided for by [defendant's] Policy No. 61-PRP-01. I gave [plaintiff] a direct order to either mail the excess property home or to label the active legal materials in accordance with [defendant's] Policy No. 59-LEG-01, but [plaintiff] refused to comply with my order. Consequently, I instructed Sergeant L. Gilliam to go through [plaintiff] personal property with him and to reduce it to the 2.4 cubic feet limit set by [defendant's] Policy 61-PRP-01.

10. Although, in paragraphs 10, 11 and 12 of the Complaint, [plaintiff] alleges that I cursed at him during our March 23, 2009 interaction, I did not make the statements he alleges that I made.

11. At all times relevant to this lawsuit, I acted * * * in accordance with my official duties as a Unit Manager on behalf of [defendant], and I did not act with malicious purpose, [or] in bad faith * * *.

Gilliam states:

1. I have personal knowledge of the facts contained in this Affidavit and am familiar with the underlying facts of this lawsuit. Moreover, I have personally reviewed [defendant's] records regarding [plaintiff].

2. I am employed by [defendant] as a Correctional Counselor at [LoCI]. I have held that position for approximately 24 years.

* * *

4. I am familiar with and trained in [defendant's] policy regarding the storage and handling of inmate personal property, which includes legal materials.

5. On March 23, 2009, Unit Manager K. Mason instructed me to reduce [plaintiff's] personal property to 2.4 cubic feet per [defendant's] Policy No. 61-PRP-01. At that time, plaintiff selected what items he wanted [to] keep in his cell. In addition to providing him with one standard 2.4 cubic foot locker box per [defendant's] policy for the storage of his personal property, [defendant] also provided [plaintiff] with a second 2.4 cubic foot locker box to store his active legal materials. [Plaintiff's] remaining property that did not fit into the two locker boxes was deemed contraband pursuant to [defendant's] Administrative Rules 5120-9-33 and 5120-9-55. However, pursuant to [defendant's] Policy No. 59-LEG-01, [plaintiff] was given the opportunity to remove and label any active legal materials from his personal property that exceeded the two locker boxes of storage, but he refused to do so. In addition, [plaintiff] was also given the option of mailing his excess property outside of the institution.

6. Although, in paragraphs 12 and 13 of the Complaint, [plaintiff] alleges that I cursed at him during our March 23, 2009 interaction, I did not make the statements he alleges that I made.

7. At all times relevant to this lawsuit, I acted * * * in accordance with my official duties as a Correctional Counselor on behalf of [defendant], and I did not act with malicious purpose, [or] in bad faith ***.

(Sept. 17, 2012 Entry, 2-6.)

{¶ 8} The court determined that appellant failed to dispute Mason's and Gilliam's denial of acting maliciously in their dealings with him and determined that the employees acted pursuant to their duties and the policies of ODRC with regard to the storage and preservation of inmate property. Thus, the trial court held the property at issue constituted contraband that appellant had no right to possess, and appellee could not be held civilly liable for the loss of such property. The court also held that, to the extent appellant was asserting that Gilliam and Mason were not entitled to immunity, his assertion was meritless.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant timely appealed and asserts three assignments of error for our review:

> I. The trial court erred when it failed to properly and accurately review and construe the complaint and relief as requested as filed by plaintiff.
>
> II. The trial court erred when it failed to grant plaintiff additional discovery pursuant to and in accordance with Civil Rule 56(F) to oppose a motion for summary judgment.
>
> III. The trial court erred when it granted summary judgment for defendant and failed to grant summary judgment for plaintiff pursuant to Civil Rule 56(C) and granted defendants qualified immunity.

## III.  DISCUSSION

### A.  First Assignment of Error

{¶ 10} In his first assignment of error, appellant asserts the trial court failed to properly and accurately review his complaint. Specifically, appellant challenges the portion of the trial court's decision framing appellant's complaint as containing an allegation that ODRC destroyed his property in retaliation for his filing of litigation and that he requested relief to deter and dissuade ODRC from retaliating against him in the

future. According to appellant, this characterization is in error because "[a]t no time or anywhere in [his] complaint did he plead retaliation or requested relief for retaliation." (Appellant's Brief, 7.)

{¶ 11} As quoted previously in this decision, it is not precisely clear what specific causes of action are being asserted. However, the complaint does request an order for appellee to "immediately remove all the frivolous, retaliatory conduct reports levied against [him] in reprisal." (Amended Complaint, 7.) Thus, to the extent appellant's complaint could be construed as alleging a claim for retaliation, the trial court's conclusion that it lacks subject-matter jurisdiction over such claims is a correct statement of law. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 12 (retaliatory claims are not a category of claims actionable in the court of claims). Moreover, to the extent it can be said the trial court erred in construing appellant's complaint as containing a claim for retaliation, such error is of no consequence in this instance because the trial court's grant of summary judgment to appellee was not based on a lack of subject-matter jurisdiction but, instead, was based upon the conclusion that ODRC could not be held liable under the circumstances presented herein.

{¶ 12} Accordingly, we overrule appellant's first assignment of error.

### B. Second Assignment of Error

{¶ 13} In his second assignment of error, appellant asserts the trial court erred in denying his motion for leave to conduct additional discovery. Here, appellant sought leave to discover the following:

> 1. All informal complaints filed against defendants in 5 years for destroying legal work.
>
> 2. Copy of digital video from dates of 03-09, 03-10, 03-11, 03-23, and 03-24 of 2009 which Brown requested be preserved. (See Ex. #1.)
>
> 3. E-mails of Sgt. Roy Kelly, to Lo.C.I. to Sgt. Cappadonna, Man.C.I. in reference to sending Brown his legal material.
>
> 4. All records from transportation which show/depict the transfer of said legal material from Man.C.I. to Lo.C.I. in 10-08.

(Motion for Leave to Conduct Additional Discovery, 1.)

{¶ 14} Absent an abuse of discretion, the denial of a Civ.R. 56(F) motion will not be reversed. *ABN AMRO Mtge. Group, Inc. v. Roush*, 10th Dist. No. 04AP-457, 2005-Ohio-1763, ¶ 23. An abuse of discretion connotes more than an error of law or judgment. It implies that the court's exercise of discretion was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} Civ.R. 56(F) provides:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 16} Thus, Civ.R. 56(F) requires the party seeking a continuance to submit an affidavit stating sufficient reasons why the party cannot present facts essential to justify the party's opposition to the summary judgment motion. *Roush* at ¶ 22; *Bozeman v. Wendy's Internatl., Inc.*, 10th Dist. No. 01AP-112 (Aug. 21, 2001), quoting *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155 (8th Dist.1978), paragraph two of the syllabus. Simply requesting a continuance in order to conduct discovery is not a sufficient explanation for why a party cannot present affidavits in opposition to the motion for summary judgment. *Id.*

{¶ 17} In the case before us, appellant failed to submit an affidavit in support of his Civ.R. 56(F) motion and failed to put forth any substantive reason why more time or discovery was needed before responding to appellee's motion for summary judgment. Accordingly, the trial court did not abuse its discretion in denying appellant's Civ.R. 56(F) motion.

{¶ 18} Consequently, we overrule appellant's second assignment of error.

## C. Third Assignment of Error

{¶ 19} In his third assignment of error, appellant challenges the trial court's decision granting summary judgment in favor of appellee and contends summary

judgment should have been granted in his favor. Additionally, appellant contends the trial court erred in finding that Gilliam and Mason were entitled to qualified immunity.

{¶ 20} Our review of the granting of summary judgment is de novo. *Stevens v. Ohio Dept. of Mental Health*, 10th Dist. No. 12AP-1015, 2013-Ohio-3014, ¶ 10, citing *Cashlink, LLC v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-5906, ¶ 14. Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Stevens* at ¶ 11, citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 21} In its motion for summary judgment, appellee asserted it could not be held liable for the loss of property at issue because such property constituted contraband that appellant had no right to possess in the institution. In support, appellee submitted the affidavits of Gilliam and Mason which established appellee's policies regarding inmate property.[2] According to the evidence presented by appellee, inmates are not permitted to possess more than 2.4 cubic feet of combined state and personal property unless specifically authorized to do so pursuant to rule. Property in excess of these limitations is deemed contraband subject to disposal. Additionally, ODRC Policy 59-LEG-01 permits inmates to possess a reasonable amount of legal materials that must be maintained within the inmate's overall 2.4 cubic foot limitation. Said policy also requires that legal materials be organized by title and case number and that a list of active cases be produced upon request. The policy requires that all excess legal material be either mailed out of the institution or otherwise disposed of by the inmate.

---

[2] The policies at issue were attached to the affidavits.

{¶ 22} According to the affidavit of Mason, she ordered appellant to remove the five boxes of property from her office.  Though initially refusing to do so, appellant ultimately did remove the property and take it to his cell for storage.  Mason's affidavit states she instructed Gilliam to assist in the removal of the excess property, deemed contraband, from appellant's cell.  Additionally, Mason ordered appellant to remove and label any active legal material from his personal property and gave him the option to mail the excess property out of the institution.  Appellant refused to do both.   In their affidavits, both Gilliam and Mason denied acting in bad faith or with a malicious purpose.

{¶ 23} In opposition, appellant submitted his affidavit, as well as affidavits from several other inmates.  The affidavits from the inmates indicated, inter alia, that they witnessed appellant reduce his property from five to three boxes, the destruction of the three boxes, and verbal "tirades" instructing appellant not to discuss the matter with anyone other than "the inspector."  Appellant averred in his affidavit that he presented case lists to staff, that the documents destroyed had the appropriate notations on them, and that "[a]ll documents in [his] possession now comports to DRC Policy 59-LEG-01." (Appellant's Affidavit, 1.)

{¶ 24} Appellant did not dispute, and essentially admitted, many of the assertions made in the affidavits of Mason and Gilliam.  For example, in his complaint, appellant admitted that he was given the opportunity to condense his property, as well as the opportunity to preserve it by mailing it out of the institution.  Additionally, as the trial court noted, though appellant averred he labeled the documents and provided case lists as requested, his affidavit provides no indication of when such acts occurred.  Further, whether or not appellant "now comports" with appellee's policies is irrelevant with respect to the documents in question.

{¶ 25} Based on the above, the trial court determined the evidence in the record established the property at issue was contraband that appellant was not entitled to possess, and, as such, appellee could not be held liable for the loss of such property and was entitled to judgment as a matter of law. *Triplett v. S. Ohio Corr. Facility*, 10th Dist. No. 06AP-1296, 2007-Ohio-2526, ¶ 7 (a facility must exercise ordinary care in handling and storing an inmate's property; however, a correctional institution cannot be held liable for the loss of contraband property that an inmate has no right to possess).  Hence, the

trial court concluded appellee met its burden under Civ.R. 56, but appellant failed to meet his reciprocal burden and establish a genuine issue of material fact existed as to the issue of liability.

{¶ 26} After a de novo review, we conclude appellant failed to present sufficient evidence to create an issue of fact regarding whether the destroyed property was contraband and whether appellee could be liable for the loss thereof. Accordingly, we conclude the trial court did not err in granting summary judgment in favor of appellee.

{¶ 27} Appellant also challenges the trial court's rejection of appellant's position that Gilliam and Mason were not entitled to civil immunity. As stated by the trial court, R.C. 9.86 provides, in part:

> [N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶ 28} Accordingly, the trial court determined Gilliam and Mason were entitled to immunity, pursuant to R.C. 9.86 and 2743.02(F), because their action in destroying the contraband was consistent with their duties and because "[appellant] failed to dispute Mason and Gilliam's averments that they did not act maliciously in dealing with [appellant]." (Entry, 7.)

{¶ 29} Appellant takes issue with the fact that the trial court determined Gilliam and Mason were entitled to civil immunity because the motion for summary judgment filed by appellee did not raise the issue of immunity. However, it was appellant who requested the court to make such determination in his pleading of October 27, 2011 and his subsequent immunity determination list filed February 15, 2012. Furthermore, the trial court did not grant summary judgment on immunity grounds, but on its determination that the character of the property at issue was contraband and disposed of pursuant to policy.

{¶ 30} For all of the foregoing reasons, we conclude the trial court did not err in granting appellee's motion for summary judgment, and we overrule appellant's third assignment of error.

## IV. CONCLUSION

{¶ 31} Having overruled all of appellant's asserted assignments of error, we hereby affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and O'GRADY, JJ., concur.

_____