[Cite as *Willoughby Supply Co. v. Villhauer*, 2018-Ohio-2077.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| WILLOUGHBY SUPPLY COMPANY, INC., | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellant, | : | **CASE NO. 2017-L-110** |
| | : | |
| - vs - | : | |
| | : | |
| RYAN E. VILLHAUER, et al., | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2016 CV 002202.

Judgment: Reversed and remanded.

*Robert B. Weltman* and *Amanda R. Yurechko,* Weltman, Weinberg & Reis Co., L.P.A., 323 West Lakeside Avenue, Suite 200, Cleveland, OH 44113 (For Plaintiff-Appellant).

*James T. Dixon* and *David Sporar,* Brouse McDowell LPA, 600 Superior Avenue, East, Suite 1600, Cleveland, OH 44114 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Willoughby Supply Company, Inc. ("Willoughby Supply"), appeals the judgment of the Lake County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss filed by appellee, Ryan E. Villhauer ("Villhauer"). At issue is whether the trial court erred in dismissing appellant's claim on an account against Villhauer. For the reasons that follow, we reverse and remand.

{¶2} The statement of facts that follows is derived from the complaint with its attachments filed by Willoughby Supply. On or about August 8, 2014, "the Defendants," meaning Villhauer and his company Superior Structures of Ohio, L.L.C. ("Superior Structures"), "made application for credit with [Willoughby Supply] by executing an Application and Agreement," a copy of which was attached to the complaint.

{¶3} On page 2 of the Application and Agreement, Villhauer stated he was the "Owner/President" of Superior Structures. He also provided his personal information, including his date of birth, driver's license number, home address, cell phone number, bank information, and credit accounts with other supply companies. He also stated he was authorized to order and pick up material from Willoughby Supply.

{¶4} On page 3 of the Application and Agreement, in the signature section on the line for "firm name," Villhauer wrote "Superior Structures of Ohio." He also signed his name on behalf of Superior Structures as its "Owner/President" and dated it August 8, 2014.

{¶5} Directly beneath the section that Villhauer signed on behalf of Superior Structures, Page 3 also contains a section providing for a personal guarantee. This section stated in all capital letters and in a font size larger than other terms on the page:

{¶6} * * * THIS APPLICATION WILL NOT BE APPROVED IF PERSONAL GUARANTEE IS NOT SIGNED * * *

{¶7} IN CONSIDERATION OF THE EXTENSION OF CREDIT BY [WILLOUGHBY SUPPLY] TO [SUPERIOR STRUCTURES], AND *AS A SUBSTANTIAL AND MATERIAL INDUCEMENT* TO [WILLOUGHBY SUPPLY] TO GRANT SUCH CREDIT, THE UNDERSIGNED INDIVIDUAL [VILLHAUER] PERSONALLY GUARANTEES THE FULL AND PROMPT PAYMENT OF ALL AMOUNTS PAYABLE TO [WILLOUGHBY SUPPLY] FOR GOODS PURCHASED BY SAID ENTITY. (Emphasis in original.)

**{¶8}** Directly beneath this language, Villhauer hand-wrote his name by printing it on the "name" line and dated the personal guarantee August 8, 2014. However, he left the line for his signature blank.

**{¶9}** The complaint alleged that Willoughby Supply granted credit to Villhauer and Superior Structures, resulting in an unpaid balance due and owing as of July 31, 2016, in the amount of $28,832. A copy of the statement of account, dated August 29, 2016, attached to the complaint, shows that Superior Structures made multiple purchases of materials from Willoughby Supply between July 2015 and July 2016.

**{¶10}** The complaint alleged that Villhauer and Superior Structures failed and refused to pay Willoughby Supply the balance due and owing, which, as of December 21, 2016, including interest, was $30,865.

**{¶11}** On December 29, 2016, Willoughby Supply filed its complaint against Villhauer and Superior Structures. Instead of filing an answer, on April 7, 2017, Villhauer filed a motion to dismiss, arguing that he could not be held liable because he did not sign the personal guarantee. Willoughby Supply filed a brief in opposition. The trial court granted the motion, simply finding that "Villhauer did not sign the Application and Agreement attached to Plaintiff's Complaint."

**{¶12}** Villhauer failed to file an answer on behalf of Superior Structures and, as a result, Willoughby Supply filed a motion for default judgment against Superior Structures. The trial court granted the motion and entered default judgment in favor of Willoughby Supply and against Superior Structures, making the court's order granting Villhauer's motion to dismiss a final appealable order.

{¶13} Willoughby Supply appeals the trial court's judgment granting Villhauer's motion to dismiss, asserting the following for its sole assignment of error:

{¶14} "The trial court erred by granting defendant-appellee's motion to dismiss where, if the court were to presume the allegations of the complaint as true and make all reasonable inferences in favor of plaintiff-appellant, a cause of action does exist under which defendant-appellee could be found liable on the personal guarantee."

{¶15} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural in nature and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Comm'rs.*, 65 Ohio St.3d 545, 548 (1992). "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991).

{¶16} Moreover, "'[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.'" *Adlaka v. Giannini*, 7th Dist. Mahoning No. 05 MA 105, 2006-Ohio-4611, ¶34, quoting *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1 (1997).

{¶17} In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957). "'[A]s long as there is a set of facts consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'"

*Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶5, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). "'A complaint should not be dismissed for failure to state a claim merely *because the allegations do not support the legal theory on which the plaintiff relies*. Instead, *a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory*.'" (Emphasis added.) *Firstmerit Corp. v. Convenient Food Mart, Inc.*, 11th Dist. Lake No. 2001-L-226, 2003-Ohio-1094, ¶7, quoting *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667 (1995).

{¶18} Further, under the rules of notice pleading, Civ.R. 8(A) requires only a short and plain statement of the claim that gives the defendant fair notice of the plaintiff's claim and the grounds on which it is based. *Patrick v. Wertman*, 113 Ohio App.3d 713, 716 (3d Dist.1996).

{¶19} "Because it is so easy for the pleader to satisfy the standard of Civ.R. 8(A), few complaints are subject to dismissal." *Leichtman v. WLW Jacor Communications, Inc.*, 92 Ohio App.3d 232, 234 (1st Dist.1994). Finally, an appellate court's review of a trial court's ruling on a motion to dismiss is de novo. *Byrd, supra*.

{¶20} Here, the allegations of the complaint provide for relief on at least four possible legal theories.

{¶21} **I.  THE COMPLAINT PROVIDES FOR RELIEF ON A THEORY THAT VILLHAUER IS INDIVIDUALLY LIABLE.**

{¶22} First, Willoughby Supply alleged that both Villhauer and Superior Structures applied for credit by executing the application; that Willoughby Supply granted credit to both of them, resulting in an unpaid balance; and that they have failed

and refused to repay the balance owned. While Villhauer argues his purported signature on the personal guarantee is insufficient to impose liability, the trial court was required to determine if the complaint provided for relief "on any possible theory." Thus, as an alternative to the guarantee theory of liability, the allegations of the complaint provide for relief on a theory of Villhauer's individual liability on the account.

**{¶23} II. THE COMPLAINT PROVIDES FOR RELIEF ON A THEORY THAT VILLHAUER SIGNED THE GUARANTEE.**

{¶24} Second, while Villhauer argues he cannot be liable on the guarantee because he did not sign it, it is not quite accurate to say he did not sign the guarantee. In fact, he does not dispute he *hand-wrote* his printed name and *dated* the personal guarantee. As a result, this case is very different from a case in which a purported guarantor did not write his name on the guarantee in any way.

{¶25} "A contract can only be interpreted if the provisions are ambiguous or uncertain." *Career & Technical Assn. v. Auburn Vocational School Dist. Bd. of Edn.*, 11th Dist. Lake No. 2013-L-010, 2014-Ohio-1572, ¶18. "Contract language is ambiguous if it is susceptible to two or more reasonable interpretations." *Id.* "The determination of whether provisions in a contract are ambiguous is a legal issue that we review de novo." *Id.* Further, "if the contract language is capable of two reasonable interpretations, there is an issue of fact [for the jury] as to the parties' intent." *Id.* "When a contract term is ambiguous, the [jury] must examine parol or extrinsic evidence to determine the parties' intent." *Id.* Villhauer concedes on appeal that a cursive signature is not necessary to effectuate a binding signature.

{¶26} Considering Villhauer's "printed signature" on the guarantee in light of the instrument as a whole, the signature is ambiguous as to whether he intended to be bound by the guarantee. In support of a finding that he intended to be bound, Villhauer provided his personal information, bank information, and a list of his credit accounts with other suppliers, apparently with a view to induce Willoughby Supply to provide credit to Superior Structures. In fact, the notice in the guarantee section stated that "the undersigned individual," i.e., Villhauer, "personally guarantees" the payment of all amounts due as a "material inducement" to Willoughby Supply to grant credit to Superior Structures. Further, directly below the additional notice that "THIS APPLICATION WILL NOT BE APPROVED IF PERSONAL GUARANTEE IS NOT SIGNED," Villhauer wrote his name on the space provided for his "name" and dated the guarantee. He could have crossed out the personal guarantee section; left it blank; or sought another supplier, but he chose not to. In light of the uncertainty and ambiguity created by Villhauer's printed signature on the guarantee, Willoughby Supply may present parol evidence of his intent to be bound thereby and potentially prevail on a guarantee theory.

{¶27} **III. THE COMPLAINT PROVIDES FOR RELIEF ON A RATIFICATION THEORY.**

{¶28} Third, ratification also provides a possible theory of recovery. In a similar case involving the *same creditor*, *Willoughby Supply Company, Inc. v. Inghram*, 11th Dist. Lake No. 2014-L-055, 2015-Ohio-952, Inghram, the person against whom Willoughby Supply sought to enforce the guarantee, denied the signature on the personal guarantee was his. However, Willoughby Supply's financial officer testified he

7

contacted Inghram and he orally ratified the guarantee. This court stated that to prove ratification, the proponent must show the principal engaged in conduct, with full knowledge of the facts, which manifested his intent to ratify the unauthorized transaction. *Id.* at ¶13. This court held there was competent, credible evidence that Inghram ratified the guarantee. *Id.*

{¶29} Here, even if Villhauer's signature on the personal guarantee was insufficient, by accepting more than $28,000 worth of supplies on credit during the course of an entire year from Willoughby Supply, knowing it would not have approved the credit application if Villhauer had not signed the guarantee, Willoughby Supply may recover on a ratification theory.

{¶30} **IV. THE COMPLAINT PROVIDES FOR RELIEF UNDER THE "LEADING OBJECT RULE."**

{¶31} Fourth, Villhauer argued below that, because he did not sign the personal guarantee, enforcement of the Application and Agreement against him is barred by the statute of frauds. R.C. 1335.05 provides: "No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt * * * of another * * * unless the agreement upon which such action is brought * * * is in writing and signed by the party to be charged therewith * * *."

{¶32} Here, even if Villhauer did not sign the personal guarantee, the leading object rule is an exception to the statute of frauds. In *Inghram, supra*, this court stated: "The leading object rule provides that oral contracts by third parties guaranteeing another's debt are not within the Statute of Frauds, if the guarantor's principal purpose is to benefit his or her own business or pecuniary interests." *Id.* at ¶8, citing *Wilson*

8

*Floors Co. v. Sciota Park Ltd.*, 54 Ohio St.2d 451, syllabus (1978). "The determination of whether an oral promise to answer for another's debt exists, and is outside the Statute of Frauds, is a question of fact." *Id.* at ¶22.

**{¶33}** In *Inghram, supra*, this court applied the leading object rule in finding Inghram's oral guarantee was enforceable since he was the president and owner of the debtor-company and he clearly benefited by being able to purchase from Willoughby Supply materials on credit he needed to keep the company operating. *Id.* at ¶23, 31. Each of these circumstances is present here. Thus, the leading object rule provides another possible theory of recovery for Willoughby Supply.

**{¶34}** We accordingly conclude, the trial court erred in dismissing the complaint. Willoughby Supply's sole assignment of error has merit.

**{¶35}** For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with the opinion.

TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

**{¶36}** I respectfully dissent and would affirm the decision of the trial court.

9

**{¶37}** While a complaint should not be dismissed "if the allegations provide for relief on any possible theory," no such theory exists to provide Willoughby Supply relief. *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 653 N.E.2d 1186 (1995).

**{¶38}** Willoughby Supply seeks to hold Villhauer personally liable under a guarantee which Villhauer did not sign personally. Villhauer's signature on the guarantee is unambiguously and unequivocally executed in his capacity as the owner/president of "Superior Structures of Ohio."

**{¶39}** Under Ohio law, as well as that of other jurisdictions, such a guarantee is not enforceable as a matter of law: "[i]f the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument." R.C. 1303.42(B)(1); *compare Livonia Bldg. Materials Co. v. Harrison Constr. Co.*, 742 N.W.2d 140, 146 (Mich.App.2007) ("where individual responsibility is demanded the nearly universal practice is that the officer signs twice–once as an officer and again as an individual") (citation omitted).[1]

**{¶40}** It is argued that Villhauer could nevertheless be held personally liable under an exception to the statute of frauds, such as the "leading object rule." *Wilson Floors Co. v. Sciota Park, Ltd.*, 54 Ohio St.2d 451, 377 N.E.2d 514 (1978), syllabus ("[w]hen the leading [object] of the promisor is not to answer for another's debt but to subserve some pecuniary or business purpose of his own involving a benefit to himself,

---

1. The majority, *supra* at ¶ 29, improperly suggests that Villhauer may have ratified the guarantee "by accepting more than $28,000 worth of supplies on credit during the course of an entire year from Willoughby Supply." Unless we are willing to give Willoughby Supply the benefit of any possible facts, the supplies were sold on credit to Superior Structures of Ohio and not to Villhauer personally. At most, Villhauer's potential liability is that of a guarantor of the debt.

his promise is not within the statute of frauds, although the original debtor may remain liable"). There are problems with this position.

{¶41} Willoughby Supply alleged in the Complaint that Villhauer executed the credit application and agreement. This allegation is flatly contradicted by the actual Application and Agreement attached to the Complaint. By attaching the credit Application and Agreement, the sufficiency of Willoughby Supply's Complaint must be considered in light of the fact that Villhauer did not sign the Application in his personal capacity. *See* Civ.R. 10(C) ("[a] copy of any written instrument attached to a pleading is a part of the pleading for all purposes"); *Radtke v. Chester Twp.*, 2015-Ohio-4016, 44 N.E.3d 295, ¶ 18 (11th Dist.). Willoughby Supply failed to allege any basis for Villhauer's personal liability other than his execution of the credit Application. As the trial court must accept that the Application was not executed by Villhauer, there is no basis for holding him personally liable. *Gross v. Fizet*, 7th Dist. Mahoning No. 98-CA-68, 1999 WL 225417, *6 (Mar. 31, 1999) (where the party to be held liable signed the note "only in his representative capacity (*i.e.*, as president of the corporation)[,] [t]o find that [the party] orally agreed to personally guarantee this note would conflict with the intention of [the party] as clearly expressed in the written agreement").

{¶42} Accordingly, I respectfully dissent and would affirm judgment of the lower court.