[Cite as *Pugh v. Sloan*, 2019-Ohio-3615.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| WALLACE PUGH, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| | | **CASE NO. 2019-A-0031** |
| - vs - | : | |
| WARDEN OF LAECI, SLOAN, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CV 00595.

Judgment: Reversed and remanded.

*Wallace Pugh*, pro se, PID: #A348-188, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Plaintiff-Appellant).

*Timothy J. Bojanowski*, Struck Love Bojanowski & Acedo, PLC, 3100 W. Ray Road, Suite 300, Chandler, AZ 85226 (For Defendants-Appellees).

MARY JANE TRAPP, J.

{¶1} Appellant, Wallace Pugh ("Mr. Pugh"), appeals the judgment of the Ashtabula County Court of Common Pleas granting the motion to dismiss of appellees, Warden Sloan, Assistant Unit Manger Noholtz, Sgt. Bennett, J. Barker, and Sgt. Mozza (collectively, the "defendants"), and dismissing his complaint for failure to state a claim.

{¶2} We find Mr. Pugh's claim was sufficiently pled under Civ.R. 8(A) to survive a Civ.R. 12(B)(6) motion to dismiss. Thus, we reverse the judgment of the Ashtabula

County Court of Common Pleas and remand for further proceedings consistent with this opinion.

## Substantive History and Procedural Background

{¶3} On September 10, 2018, Mr. Pugh, pro se, filed a document entitled "Motion for Waiver of Deposit, Filing Fee of Said Civil Complaint Pursuant to Local Rule 2(C)(2)" in the Ashtabula County Court of Common Pleas, along with a new case designation form, a poverty affidavit, and instructions for service. Mr. Pugh's address was listed as the Lake Erie Correctional Institution in Conneaut, Ohio.

{¶4} In the case caption of this document, Mr. Pugh listed the names of the defendants and some of their titles, including the warden, a unit manager, an assistant unit manager[1], and two sergeants. In the body, Mr. Pugh stated that he was currently incarcerated and had been for over 20 years. He requested that the trial court find him indigent and that all parties be notified of the complaint for "possible negotiations." He also referred to a jury demand.

{¶5} Two days later, Mr. Pugh filed a second document entitled "Motion to Ammend [sic] Original Complaint." In the document's first paragraph, Mr. Pugh sought to add another individual as an additional defendant, who he identified as "Unit Manager Harsin." He also alleged "reckless unprofessional misconduct," "intent for theft with blaintant [sic] deception," and "disregard of laws," and listed a prayer amount of $250,000 per defendant, for a total of $1,250,000.

{¶6} In a portion entitled "Memorandum of [sic] Support," Mr. Pugh alleged, in pertinent part, that the "defendants neglected, to this current time, to come forth with

---

1. Mr. Pugh identified this individual's surname as "Noholtz," but defendants assert that the correct surname is "Hinojos."

2

plaintiff's property, and slandered, and furthermore, stole his personnal [sic] property, and placed his own person in isolation, and the failure to give back his private documents) [sic] and property of vital value, that places his extreme hard work for a minimal time-frame of 20+ years at risk of destruction, and possible exploitation, places his work he's put forth to an amount that's unspeakable."

{¶7} In a portion of the document entitled "Relief Sought," Mr. Pugh listed "punitive damages" of $1,250,000 and "monitary [sic] damages" of $1,250,000.

{¶8} The next day, the clerk of courts issued service of the summons. It does not appear that the clerk issued service on Unit Manager Harsin.

{¶9} On October 5, 2018, Mr. Pugh filed a third document, the certificate of which indicates he served it on the clerk of courts rather than the defendants.

{¶10} On October 16, 2018, the defendants, by and through counsel, moved to dismiss Mr. Pugh's complaint for failure to state a claim pursuant to Civ.R. 8 and 12, arguing that Mr. Pugh's first and second documents contained insufficient facts to allow them to formulate an answer. Mr. Pugh filed a response where he set forth more specific allegations regarding his claim.

{¶11} The trial court subsequently issued a judgment entry granting the defendants' motion to dismiss and dismissing Mr. Pugh's complaint. The trial court construed Mr. Pugh's first document as a complaint and his second document as an amended complaint. The trial court did not reference Mr. Pugh's third document or his response.

{¶12} Specifically, the trial court found as follows:

3

{¶13} "When reviewing Plaintiff's complaint, along with Defendants' Motion to Dismiss pursuant to Ohio Civ.R. 8 and Ohio Civ.R. 12, it is apparent that the Plaintiff has not followed proper pleading requirements. After review, Plaintiff's original complaint and amended complaint, are both deficient in that both fail to set forth a short plain statement of the claim showing that the party is entitled to relief, and a demand for judgment for the relief to which the party claims to be entitled. Neither complaint is in compliance with the requirements of Ohio Civ.R. 8. Plaintiff's complaint and amended complaint have insufficient facts to allow Defendants a basis to formulate an answer.

{¶14} "Plaintiff's Complaint cannot survive an Ohio Civ.R. 12(B)(6) challenge. Plaintiff has failed to state a claim upon which relief may be granted and can prove no set of facts entitling him to the relief sought."

{¶15} Mr. Pugh now appeals and presents the following assignment of error for our review:

{¶16} "The trial court abused its discretion when it granted defendant's [sic] motion to dismiss and dismissed Pugh's complaint herein."

**Standard of Review**

{¶17} An appellate court's standard of review for a trial court's ruling on a motion to dismiss is de novo. (Citations omitted.) *Bliss v. Chandler*, 11th Dist. Geauga No. 2006-G-2742, 2007-Ohio-6161, ¶91.

{¶18} Civ.R. 12(B)(6), which provides, in pertinent part, as follows:

{¶19} "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option

4

of the pleader be made by motion: * * * failure to state a claim upon which relief can be granted[.]"

{¶20} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." (Citation omitted.) *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In resolving a Civ.R. 12(B)(6) motion, courts are confined to the allegations in the complaint and cannot consider outside materials. *State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94, 97 (1990).

{¶21} In construing the complaint, a court must presume that all factual allegations are true and make all reasonable inferences in favor of the non-moving party. (Citations omitted.) *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt from the face of the complaint that the plaintiff can prove no set of facts entitling him to recover. (Citation omitted.) *Cleveland Elec. Illuminating Co. v. PUCO*, 76 Ohio St.3d 521, 524 (1996). As long as there is a set of facts consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss. (Citation omitted.) *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶5.

{¶22} When ruling on a motion to dismiss, the principles of notice pleading apply, and a plaintiff is not required to prove his or her case at the pleading stage. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-45 (1991).

{¶23} Although Mr. Pugh filed a third document prior to the defendants' filing of their motion to dismiss, the trial court only considered Mr. Pugh's first and second

5

documents in ruling on defendants' motion. In addition, although Mr. Pugh's response to the defendants' motion contained additional information regarding his claim, our review is limited to the pleadings. *See Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶23 (11th Dist.), fn. 2 ("[A]ny admission made by appellant in a post-pleading memorandum cannot be considered by the trial court or this court"). Finally, Mr. Pugh has attached an appendix to his brief containing additional documents, but we may not consider them on appeal. *See State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not part of the trial court proceedings, and then decide the appeal on the basis of the new matter").

**{¶24}** Thus, our review is limited to determining the sufficiency of Mr. Pugh's first and second documents.

### Civ.R. 8

**{¶25}** The basis of the trial court's dismissal under Civ.R. 12(B)(6) was that Mr. Pugh's first and second documents did not comply with Civ.R. 8.

**{¶26}** Ohio is a notice-pleading state. *Beretta U.S.A. Corp.*, *supra*, at ¶29. Pursuant to Civ.R. 8, "[a] pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Civ.R. 8(E)(1).

**{¶27}** The statement of the claim must give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based. (Citation omitted.) *McWreath v.*

6

*Cortland Bank*, 11th Dist. Trumbull No. 2010-T-0023, 2012-Ohio-3013, ¶38. Outside of a few exceptions, a complaint need not contain more than "brief and sketchy allegations of fact to survive a motion to dismiss under the notice pleading rule." (Citation omitted.) *Id.*

**{¶28}** Further, "[a]ll pleadings shall be so construed as to do substantial justice." Civ.R. 8(F). According to the Supreme Court of Ohio, "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. (Citations omitted.) *State ex rel. Huntington Ins. Agency, Inc. v. Duryee*, 73 Ohio St.3d 530, 533 (1995). Because it is so easy for the pleader to satisfy the standard of Civ.R. 8(A), few complaints are subject to dismissal. *Willoughby Supply Co., Inc. v. Villhauer*, 11th Dist. Lake No. 2017-L-110, 2018-Ohio-2077, ¶19, quoting *Leichtman v. WLW Jacor Communications, Inc.*, 92 Ohio App.3d 232, 234 (1st Dist.1994).

**{¶29}** The trial court properly determined that Mr. Pugh's first document, which it construed as a complaint, did not comply with Civ.R. 8(A). A review of this document indicates Mr. Pugh is incarcerated at the Lake Erie Correctional Institution, and the defendants are prison officials. However, Mr. Pugh did not set forth any type of claim for relief or a demand for judgment as required by Civ.R. 8(A). Rather, he requested a finding of indigency, a jury, and "possible negotiations."

**{¶30}** By contrast, Mr. Pugh's second document, which the trial court construed as an amended complaint, complied with the liberal pleading requirements of Civ.R. 8(A). Mr. Pugh alleged that the defendants "neglected * * * to come forth with his property," "slandered" and "stole" his "personal property," placed him "in isolation," and failed to "give back" his "private documents" and "property of vital value," which he described at his "life's

7

work," and for which alleged conduct he sought damages. A liberal construction of Mr. Pugh's amended complaint indicates Mr. Pugh sought monetary damages against prison officials for allegedly taking his personal property without legal justification. This constitutes a claim for relief and a demand for judgment, as required by Civ.R. 8(A).

{¶31} The fact that Mr. Pugh's second document may have been inartfully drafted does not constitute a violation of Civ.R. 8(A). Federal courts have held that under Fed.R.Civ.P. 8, which contains similar language and provisions to Civ.R. 8, the objective is not to determine "whether * * * the averments in the paper pleadings have been artfully or inartfully drawn." 5 Wright & Miller, *Fed. Prac. & Proc. Civ.*, Section 1286 (3d Ed.). Instead, courts are "obligated to make a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his or her favor[.]" *Id.*

{¶32} For example, in *Ashiegbu v. Purviance*, 76 F.Supp.2d 824 (S.D.Ohio 1998), *aff'd*, 194 F.3d 1311 (6th Cir.1999), the U.S. District Court for the Southern District of Ohio held that "[a] court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements." *Id.* at 828.

{¶33} In addition, although Mr. Pugh's second document is entitled a "motion" and his allegations are set forth in a "memorandum," these defects are not fatal. Pleadings should be judged by the quality of their substance rather than according to their form or label. 5 Wright & Miller at Section 1286; *Torres v. Miami-Dade Cty.*, 734 Fed.Appx. 688, 691 (11th Cir.2018) ("courts must sometimes look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations").

8

**{¶34}** For example, in *King v. Ricerca Biosciences LLC*, 11th Dist. Trumbull No. 2005-L-068, 2006-Ohio-2146, we held that a trial court should have construed a pro se litigant's "motion to reinstate case" as a complaint, since "pleadings shall be construed as to do substantial justice," and because the "spirit of the civil rules is to decide cases on their merits instead of procedural deficiencies[.]" *Id.* at ¶17-18, citing Civ.R. 8(F) and *Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.*, 171 Ohio St. 82 (1960), paragraph one of the syllabus.

**{¶35}** For similar reasons, the Fourth District Court of Appeals, in *Highland Cty. Bd. of Commrs. v. Fasbender*, 4th Dist. Highland No. 98CA24, 1999 WL 595359 (July 28, 1999), held that a trial court should have construed a pro se litigant's "affidavit" as an answer. *Id.* at *6.

**{¶36}** Federal courts, including the U.S. Supreme Court, have also recognized this principle. In *Schlesinger v. Councilman*, 420 U.S. 738 (1975), the Supreme Court held that motions for a temporary restraining order and a preliminary injunction and a supporting affidavit and briefs, although not formally denominated a complaint, were adequate to apprise petitioners of the nature of the claim. *Id.* at 742, fn. 5.

**{¶37}** In *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619 (6th Cir.2002), the Sixth Circuit held that courts should "discard[] labels in an inartfully drafted complaint in favor of complaint's reasonable meaning," because the "fundamental tenor of the Rules is one of liberality rather than technicality." (Citations omitted.) *Id.* at 632, fn. 8.

**{¶38}** In this case, the trial court properly construed Mr. Pugh's second document as an amended complaint and disregarded its label and headings.

9

{¶39} The defendants argue that Mr. Pugh did not state any "operative facts," such as "what was allegedly stolen or slandered, when it was stolen or slandered, and by whom."

{¶40} Civ.R. 8 does not require this level of detail. Prior to Ohio's adoption of the Civil Rules, litigants filed a "petition" containing "a statement of facts constituting a cause of action in ordinary and concise language." 1970 Staff Notes to Civ.R. 8. The statement of a claim under Civ.R. 8(A) is far less than a statement of facts constituting a cause of action. *Knuckles v. Maresh*, 8th Dist. Cuyahoga No. 45713, 1983 WL 5589, *2 (July 28, 1983), citing *Stephens v. Boothby*, 40 Ohio App.2d 197, 198 (3d Dist.1974). Rather, the grounds creating the statement of a claim under Civ.R. 8(A) may be stated in relatively broad, general terms. *Id.*, citing *Stephens* at 198. As the Supreme Court of Ohio has recognized, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity. *Beretta U.S.A. Corp.*, *supra*, at ¶29.

{¶41} In the event the defendants were genuinely unable to formulate an answer, their recourse was to move for a more definite statement under Civ.R. 12(E) ("If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired"); *see Knuckles*, at *3.

{¶42} Further, simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of nonmeritorious claims. (Citation omitted.) *Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, ¶5 (4th Dist.). As such, a future motion for summary judgment may be the proper

vehicle in the event Mr. Pugh's claim lacks merit. *See Knuckles* at *3; *see, e.g., Brown v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-891, 2013-Ohio-4207, ¶30 (holding the trial court did not err in granting summary judgment against inmate who filed lawsuit against a prison and certain employees alleging wrongful destruction of his property).

**{¶43}** The defendants also argue that Mr. Pugh stated only "vague legal conclusions."

**{¶44}** Civ.R. 8 does not make a distinction between "facts" and "legal conclusions." Under Ohio's prior "fact" pleading system, "the form of the language" was "all important," forcing litigants to "steer a narrow, indefinable course between pleading 'conclusions of law' on the one hand and 'evidence' on the other in order to escape a demurrer, a motion to strike, or a motion to make definite and certain[.]" 1970 Staff Notes to Civ.R. 8. Under Civ.R. 8(A), "much less emphasis is placed on the form of the language in the complaint[.]" *Id.* "[D]istinctions between 'facts,' 'conclusions of law,' and 'evidence' [have been] minimized[.]" *Id.*

**{¶45}** Further, the defendants' proposed distinction between factual and legal conclusions originates from Supreme Court of Ohio cases involving whether allegations were sufficient to survive a motion to dismiss for failure to state a claim, not whether Civ.R. 8 pleading standards were met. *See Mitchell*, *supra*, at 193 ("Unsupported *conclusions* * * * are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion"). (Emphasis sic.)

**{¶46}** In any event, while Mr. Pugh's amended complaint contains conclusory statements (e.g., "reckless unprofessional misconduct," "intent for theft with blaintant [sic]

11

deception," and "disregard of laws"), it also contains descriptions of the defendants' alleged conduct (e.g., the defendants "neglected * * * to come forth with his property," "slandered" and "stole" his "personal property," placed him "in isolation," and failed to "give back" his "private documents" and "property").

{¶47} The defendants cite the Eighth District's decision in *Tuleta v. Med. Mut. of Ohio*, 8th Dist. Cuyahoga No. 100050, 2014-Ohio-396, in support of their argument that Mr. Pugh's complaint and amended complaint did not comply with Civ.R. 8.

{¶48} In *Tuleta*, the chief of police for the city of Cleveland appealed a trial court's order denying his motion to dismiss, arguing that he was immune from liability under R.C. Chapter 2744 as an employee of a political subdivision. *Id.* at ¶1, 33. The Eighth District determined that the plaintiff could not escape immunity by making "bald claims of wanton and/or reckless misconduct" and must "allege some operative facts concerning the employee." *Id.* at ¶38.

{¶49} The *Tuleta* court appears to have applied some type of heightened pleading standard in the context of sovereign immunity. In this case, the defendants' motion to dismiss was not based on sovereign immunity, so the *Tuleta* court's application of Civ.R. 8 in that context is not applicable.

{¶50} We conclude that Mr. Pugh's amended complaint complied with the liberal pleading requirements of Civ.R. 8(A).

**Civ.R. 12(B)(6)**

{¶51} As indicated, Mr. Pugh's amended complaint sought monetary damages against prison officials for allegedly taking his personal property without legal justification.

12

{¶52} The amended complaint was sufficient to withstand a motion to dismiss because it is not clear that Mr. Pugh could prove no set of facts entitling him to relief. *Cleveland Elec. Illuminating Co., supra*, at 524. In fact, it appears prison inmates regularly file claims against their institutions or prison officials relating to the handling of their personal property. *See, e.g., Brown, supra*, at ¶2 (involving an inmate's lawsuit against a prison and certain employees alleging wrongful destruction of his property); *Triplett v. S. Ohio Corr. Facility*, 10th Dist. Franklin No. 06AP-1296, 2007-Ohio-2526, ¶7 (collecting cases involving inmates' property).

{¶53} The defendants argue that even if Mr. Pugh's pleadings are liberally construed, he failed to state a claim. The cases the defendants cite are all distinguishable.

{¶54} For instance, in *Lewis v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 93AP-1033, 1993 WL 524925 (Dec. 16, 1993), the Tenth District held that a trial court did not err in finding that an inmate's complaint demanding damages for the failure of the Ohio Department of Rehabilitation and Correction and prison officials to provide legal assistance, in addition to a law library, did not state a claim upon which relief can be granted. *Id*. at *2. However, the basis of the court's decision was that the U.S. Supreme Court previously held that inmates were not constitutionally guaranteed the right to assistance beyond a law library. *Id*. at *1.

{¶55} Similarly, in *In re Adoption of K.*, 6th Dist. Wood No. WD-18-018, 2018-Ohio-3082, the Sixth District affirmed a trial court's denial of a grandfather's motion to intervene in a stepparent's pending adoption of his grandchild because, even after

13

liberally construing the grandfather's pleading, he did not have a constitutional or statutory right of association with his grandchild. *Id.* at ¶11-12.

**{¶56}** The defendants also cite *Weaver v. Carson*, 62 Ohio App.2d 99 (8th Dist.1979), where the Eighth District held that a pro se litigant did not sufficiently allege two additional facts that it deemed necessary to assert a claim that a lawyer's malpractice caused a criminal conviction. *Id.* at 100. However, the *Weaver* court did not discuss Civ.R. 8, and the Supreme Court of Ohio subsequently overruled its holding. *See Krahn v. Kinney*, 43 Ohio St.3d 103, 106 (1989).

**{¶57}** In construing the allegations in the amended complaint in a light most favorable to Mr. Pugh, we find his claim was sufficiently pled pursuant to Civ.R. 8(A) to survive a Civ.R. 12(B)(6) motion to dismiss.

**{¶58}** Mr. Pugh's sole assignment of error has merit.

**{¶59}** For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.